UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Mark Steven Wagman, #35505-048,  )
                                 )  Civil Action No. 8:04-22822-SB
                    Petitioner,  )
                                 )          **O R D E R**
           -vs-                  )
                                 )
Warden FCI-Edgefield; and        )
Federal Bureau of Prisons,       )
                                 )
                    Respondents. )
_____)



This matter is before the Court on the Petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2241. By local rule, this matter was referred to United States Magistrate Judge Bruce Hendricks for initial review.

The Petitioner filed this action on June 24, 2005. In his original complaint, the Petitioner named Taft Correctional Institution (TCI) and its warden, Ray Andrews, together with the Bureau of Prisons, as Respondents in this action. By order dated November 17, 2004, this Court dismissed TCI and Warden Andrews from the action and substituted Warden, FCI Edgefield as Respondent.

On August 9, 2005, the Magistrate Judge issued a report recommending that this action be dismissed. The Petitioner then filed objections. This matter is now ripe for decision.

## DISCUSSION

### Background Facts

The Petitioner challenges a disciplinary action taken against him by the staff at TCI, a contract prison facility in California used by the Federal Bureau of Prisons.

On September 13, 2003, the Petitioner tested positive for marijuana in his system following a random drug test taken while housed at TCI. As a result, he was charged with a violation of Code 112, "use of narcotics, marijuana, drugs or related paraphernalia not prescribed for the individual by medical staff."[1]

The Petitioner denied smoking any marijuana. A disciplinary hearing was held, and the disciplinary hearing officer ("DHO") found that the Petitioner committed the act as charged, and imposed sanctions. The Petitioner filed an administrative grievance challenging the disciplinary action at TCI. This grievance action was denied.

On October 14, 2003, the Petitioner's custody classification was updated to reflect this disciplinary action. The warden at TCI requested that the Petitioner be transferred to any appropriate medium-security facility. The request was granted, and a transfer order was signed on December 3, 2003, directing that the Petitioner be transferred from TCI to FCI Edgefield. The Petitioner left TCI on December 19, 2003 and arrived at Edgefield on February 12, 2004.

### Petitioner's Objections

The Petitioner's objections state four major claims. His first claim alleges that the incident report failed to state that he provided a positive urine sample – it merely stated that he provided a sample. The remainder of the claims point out what he considers to be incorrect dates on the reports regarding his drug charge. Each claim will be addressed in turn.

---

[1] 28 C.F.R. § 541.13, Table 3, Code 112.

2

The Petitioner's first claim alleges a violation of his due process rights in that the incident report regarding the drug test contains no language directly indicating that the Petitioner's test was positive. Further, the Petitioner states that there is no indication of which staff member took the sample, depriving Petitioner of his due process right to challenge the "chain of evidence." Petitioner's Objections at 4.

The description of the incident in the report referred to by the Petitioner states in full as follows:

> On September 13, 2003 at approximately 0014 hours, inmate Wagman, Mark #35505-048 provided a urine sample in the presence of staff to which specimen I.D. #B01089836 was assigned. On September 26, 2003 confirmation was received from the National Toxicology Laboratories indicating your urine sample tested positive for cannabinoids. A review of your medical records on September 26, 2003 indicated you were not prescribed any medications which would cause a positive test result for cannabinoids.



Exhibit 7 to Petitioner's Objections. The report is signed by the reporting employee, and lists the name and title of the investigator and the name of the employee who delivered the report to the Petitioner. Clearly, any argument by the Petitioner that the incident report is incomplete or lacks sufficient language indicating a positive test result is without merit.

The Petitioner's second objection deals with the report by the DHO. The "date of incident" on his report is 09/13/03. The "date of incident report" is also listed as 09/13/03. The Petitioner states that these dates "are not concisive [sic] to the actual incident report" and that "there are too many errors to continue with further proceedings." Petitioner's Objections at 4. For this reason, the Petitioner asks this Court to re-write the DHO's report with correct dates or alternatively to

3

dismiss the sanctions placed upon him.

Apparently, the Petitioner believes that the incident report was not written on the same day as the incident, but instead written on 09/26/03, the date the toxicology results were received by the prison. According to the DHO report, advance written notice of the charge and a copy of the incident report were given to the inmate on 09/26/03. It is possible that the date of the incident report should read 09/26/03 instead of 09/13/03. However, even if it is assumed that the dates were incorrectly recorded, the Petitioner has not demonstrated how these errors affected his due process rights.



Procedural errors in the prison discipline process are subject to "harmless error" analysis, and the third objection, as well as all other objections made by the Petitioner, amount to nothing more than harmless error. Hernandez-Severio v. DeRosa, No. CIV.A.03-2336(RBK), 2005 WL 2237700, at *5 (D.N.J. Sept. 13, 2005) (citing Elkins v. Fauver, 969 F.2d 48, 53 (3rd Cir. 1992)). The report by the Regional Administrative Remedies Appeal states that the written confirmation of the urine sample was received on September 26, 2004, when it should read September 26, 2003. This simple and obvious mistake will not cause, as the Petitioner claims, "serious judicial hurtles [sic] in the future." Petitioner's Objections at 5. The claim by the Petitioner that this Court should rewrite the report of the Regional Director or dismiss the sanctions imposed upon him is frivolous and without merit.

Finally, the Petitioner's fourth objection again relates to the exact date the incident report was written. The request for transfer written by TCI Warden Andrews states that the incident report was written on 09/13/03. The Petitioner claims it was

4

written on 09/26/03. As stated above, the incident report was delivered to the Petitioner on 09/26/03. Even if the date on the report should read 09/26/03, the discrepancy in dates does not amount to a "serious flaw," nor does it interfere with the Petitioner's due process rights. Petitioner's Objections at 6.

This Court finds no error in the reports regarding the Petitioner's sanctions, other than one mistake of harmless error in the Regional Administrative Remedies Appeal report. Nothing has been shown which would give rise to a violation of the Petitioner's due process rights, and this Court finds no reason to dismiss any of the sanctions imposed upon the Petitioner.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the Petitioner's Objections to the Magistrate Judge's Report and Recommendation are overruled; that the Magistrate Judge's Report and Recommendation is affirmed; and that this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 10, 2006
Charleston, S.C.